[No. 10,049.]

## THE PEOPLE *v.* CHARLES MARTIN.

INDICTMENT FOR MURDER.—The case of the People *v.* Cronin (34 Cal. 191) affirmed as to the sufficiency of an indictment charging the crime of murder.

APPEAL from the District Court of the Fifteenth Judicial District, Contra Costa County.

The defendant was indicted for the crime of murder in the first degree, as stated in the opinion. Upon the trial he was found guilty and was adjudged to suffer death. He appealed from the judgment.

*H. Allen,* for the Appellant, cited Sections 950, 951 and 952 of the Penal Code and Archibald's Criminal Practice and Pleading, p. 301 (8th ed.)

*John L. Love,* Attorney-General, cited *People* v. *King,* 27 Cal. 501; *People* v. *Cronin,* 34 Cal. 191; 35 Cal. 110; 37 Cal. 277; 38 Cal. 699; id. 39, 698; 6 Binney, 183; 1 Murphy, 452; 2 Dal. 228.

By the Court, BELCHER, J.:

The only point upon which the appellant relies for a reversal of the judgment in this case is the insufficiency of

the indictment to warrant a conviction of the crime of murder in the first degree. Leaving out formal parts the indictment charges that the persons thereby accused "in and upon one Valentine Eichler, then and there being unlawfully, feloniously and of their malice aforethought, did make an assault, and the said Marshal Martin and Elizabeth Eichler, with a certain ax made of iron and steel, which they, the said Marshall Martin and Elizabeth Eichler, in their hands then and there held, in and upon the back and front part of the head of him, the said Valentine Eichler, then and there feloniously, willfully and of their malice aforethought, did strike and beat, giving to the said Valentine Eichler then and there and thereby with the ax aforesaid, by the stroke and beating aforesaid, in manner aforesaid, in and upon the said back and front part of the head of him, the said Valentine Eichler, divers mortal wounds, as follows, to-wit: * * * of all which said divers mortal wounds aforesaid the said Valentine Eichler then and there instantly died, contrary," etc.

It is objected that the indictment does not contain a statement of the acts constituting the supposed offense in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended; that it does not by direct averment charge that the defendant inflicted a mortal wound; and that it contains no averment to the effect that the defendant did of his malice aforethought kill and murder, etc.

So far as these objections go the indictment is substantially and almost identically the same as the indictment in the *People* v. *Cronin,* 34 Cal. 191. In that case, after able argument by distinguished counsel, and very full consideration by the Court, the indictment was held to be good, and we think rightly.

Upon the authority of that case the judgment is affirmed and the case remanded with directions to the Court below to carry the sentence into execution. Remittitur to issue forthwith.