[No. 20327.  In Bank. — September 10, 1887.]

THE PEOPLE, RESPONDENT, *v.* JAMES DAVIS, AP-
PELLANT.

CRIMINAL LAW — MURDER — INFORMATION — SUFFICIENCY OF. — An in-
formation for murder alleged that at a specified time and place the de-
fendant "did willfully, feloniously, premeditatedly, and of his malice
aforethought make an assault in and upon one William Krumdick, a
human being, and did then and there inflict upon the body of the said
William Krumdick a mortal wound, of which said mortal wound, *so in-
flicted* by said James Davis, the said William Krumdick did afterwards
die." *Held*, that the information was sufficient, and charged, not merely
that the assault, but also the infliction of the mortal wound, was feloni-
ous, and of defendant's malice aforethought.

ID. — DRAWING AND RETURN OF JURY — IMMATERIAL DEPARTURE FROM
PRESCRIBED FORMS — CHALLENGE TO PANEL. — An immaterial depart-
ure from the forms prescribed by articles 3 and 4, chapter 1, title 3, of
the Code of Civil Procedure, with respect to the drawing and return of
the jury, such as does not deprive a defendant of an opportunity to
secure a competent and impartial jury, is not a ground for challenge to
the panel.

APPEAL from a judgment of the Superior Court of Lake
County, and from an order refusing a new trial.

On the trial, the defendant interposed a challenge to
the entire panel of jurors, on the ground that the man-
ner in which they had been drawn and returned did not
comply with the requirements of the Code of Civil Pro-
cedure in the following particulars: 1. That the super-
visors selected a list of jurors from their respective
townships, without any apparent effort to arrive at a
proper proportion of the inhabitants; 2. That the aggre-
gate of the lists thus prepared was less than the number
of names designated in the order of the court, and was
not in any reasonable proportion to the inhabitants; and
3. That no certified list was ever placed in possession of
the county clerk, or was ever filed in the clerk's office.
The challenge was overruled.  The further facts are
stated in the opinion of the court.

*Spencer & Henning*, and *Crawford & Tabor*, for Appellants.

The demurrer to the information should have been sustained. (Pen. Code, secs. 187–240; Wharton's Crim. Law, 6th ed., sec. 1070; *Respublica* v. *Honeyman*, 2 Dall. 228; *State* v. *Owen*, 1 Murph. 452; S. C., 4 Am. Dec. 571; *Commonwealth* v. *Chapman*, 11 Cush. 423.) The challenge to the panel should have been allowed. (Pen. Code, sec. 1059; Code Civ. Proc., secs. 204, 206, 208, 210.) There was a substantial departure from the method prescribed for the drawing and return, which rendered the proceedings void. (*Brazier* v. *State*, 44 Ala. 387; *Bell* v. *State*, 44 Ala. 393; *Hall* v. *Commissioners*, 80 Va. 555; *State* v. *Jenkins*, 32 Kan. 477.)

*Attorney-General Johnson*, and *R. W. Crump*, for Respondents.

McKINSTRY, J.—Appellant was found guilty of murder of the second degree, and sentenced to imprisonment in the state prison.

The information is as follows:—

"STATE OF CALIFORNIA AGAINST JAMES DAVIS. Information for murder.

"James Davis is accused by the district attorney of said Lake County, by this information, of the crime of murder, committed as follows:—

"The said James Davis, on the ninth day of December, A. D. 1886, at the said county of Lake, and state of California, did willfully, feloniously, premeditatedly, and of his malice aforethought make an assault in and upon one William Krumdick, a human being, and did then and there inflict upon the body of the said William Krumdick a mortal wound, of which said mortal wound, *so inflicted* by said James Davis, the said William Krumdick did afterwards, to wit, on the thirteenth day of February, 1887, die in the county of Lake aforesaid, contrary to the form, force, and effect of the statute in such case

made and provided, and against the peace and dignity of the people of the state of California."

Under our statutes, an indictment or information is sufficient if it charges that the defendant did unlawfully, feloniously, and of his malice aforethought kill the deceased, naming him, and the time and appropriate place being stated. (*People* v. *Cronin*, 34 Cal. 200; *People* v. *Murphy*, 39 Cal. 55.) And in the cases cited, it was held that the sufficiency of an indictment is not to be tested by the rules of the common law, but by the requirements of our statute.

In *People* v. *Martin*, 47 Cal. 102, the indictment averred that the defendants " willfully, unlawfully, feloniously, and of their malice aforethought," in and upon one Valentine Eichler did make an assault, and with an ax in and upon the head of said Valentine Eichler, then and there " feloniously, willfully, and of their malice aforethought" did strike and beat, giving to said Valentine Eichler then and there, and with the ax aforesaid, . . . . divers mortal wounds, of which the said Valentine Eichler instantly died," contrary, etc. The indictment was held good, notwithstanding it did not conclude with words to the effect, " and so the grand jury say that the defendants, the said Valentine Eichler, in manner and form aforesaid, feloniously, willfully, and of their malice aforethought did kill and murder," contrary, etc.

That case holds, in effect, that although it is not necessary to state the instrument wherewith the mortal blow was given, yet if the indictment charges that the defendant inflicted the mortal blow, of which deceased died, " feloniously, willfully, and of his malice aforethought," it is sufficient.

In the present case, the information was demurred to on the ground that it neither charges that defendant killed the deceased willfully and of malice aforethought, nor that he inflicted the wound, of which the deceased died, willfully, and of his malice aforethought.

Does the information charge that the mortal blow was stricken "willfully, unlawfully, feloniously, premeditatedly, and of malice aforethought"? If so, it is sufficient, within the authority of the cases above cited.

In *State* v. *Owen*, 1 Murph. 458, it was said that, at the common law, where the death is occasioned by a wound, bruise, or other assault, the stroke should be expressly laid. In that case it was charged that the defendant, " in and upon one Patrick Conway, in the peace of God and the state then and there being, feloniously, willfully, and of his malice aforethought, did make an assault, and that he, the said John Owen, with a certain stick of no value, which he, said John Owen, in both his hands, then and there had and held, in and upon the head and face of him, the said Patrick Conway, then and there feloniously, willfully, and of his malice aforethought, did strike and beat, giving to the said Patrick Conway, *then* and *there*, with the stick aforesaid, in and upon the head and face of him, the said Patrick Conway, several mortal wounds, of which said several mortal wounds the said Patrick Conway then and there instantly died."

In that case, it was held that the words "then and there," preceding the averment that the wounds were mortal, so connected that averment with the allegation that the blows were struck "feloniously, willfully, and of his malice aforethought," as to make these last words applicable to the giving of the mortal wounds. And in their opinion, the Supreme Court of North Carolina refer with approbation to certain English decisions. Thus: " Where the indictment charged that A feloniously, and of his malice aforethought, assaulted B, and with a sword, etc., and *then and there* struck him, etc., held, the first allegation ' feloniously, and of his malice aforethought,' applied to the assault, ran also to the stroke to which it is essential." And so where an indictment stated that the prisoner did willfully, feloniously, and of her malice aforethought mix poison, with the intent the

same should be taken and eaten by the deceased, " *and* the said poison *then* and *there* delivered to the deceased," the indictment was held sufficient by all the judges without the words " feloniously, and of her malice afore- thought," immediately preceding the allegation of deliv- ering the poison; for they considered that these words ran by the word " and " and the words " then and there," and became applicable to the delivery of the poison.

We think like reasoning is applicable to the informa- tion before us, and that the charge is not merely that the *assault*, but also that the infliction of the mortal wound, was felonious, and of defendant's malice afore- thought.

The acts constituting the alleged offense — murder — are stated " in ordinary and concise language, and in such manner as to enable a person of ordinary under- standing to know what is intended." The acts charged in the information as constituting murder are " clearly. and distinctly set forth in ordinary and concise lan- guage," etc. (Pen. Code, secs. 950, 959.) The demur- rer was properly overruled, and the motion in arrest of judgment properly denied.

The defendant challenged the panel of jurors, upon the ground that the panel was not selected and drawn in conformity with the requirements of articles 3 and 4, chapter 1, title 3, of the Code of Civil Procedure; and specified certain particulars in which the provisions of the code had been departed from. The challenge was denied by the prosecution, and the court proceeded to try the same.

A strict conformity to the statutory method of select- ing, returning, and drawing grand and trial jurors is practicable, and cannot be too strongly recommended. A departure from the forms prescribed with respect to the " drawing and return " of the jury, such as may de- prive a defendant of an opportunity to secure a compe-

tent and impartial jury, is ground for challenge to the panel. It is difficult to lay down a rule which shall indicate in every case, as the question arises, what is or is not sufficient compliance with the statute; but we are satisfied that in the case before us there was no such "material departure" from the forms prescribed with respect to the drawing or return of the jury as required the court below to allow the challenge to the panel. (Pen. Code, secs. 1059, 1065.)

Judgment and order affirmed.

SEARLS, C. J., TEMPLE, J., THORNTON, J., SHARPSTEIN, J., PATERSON, J., and McFARLAND, J., concurred.