## PEOPLE OF THE TERRITORY OF UTAH, RESPONDENT, *v.* ENOCH DAVIS, APPELLANT.

CRIMINAL LAW. — HOMICIDE. — INDICTMENT. — MURDER IN FIRST DEGREE.—An indictment which charges a willful, felonious assault of deliberately premeditated malice with a revolver, and a beating and bruising then and there, which is also charged to be willful, felonious and of deliberately premeditated malice, followed by the infliction then and there of a mortal wound of which the deceased instantly died, charges murder in the first degree.

APPEAL from an order refusing a new trial, an order overruling a motion in arrest of judgment, and a judgment of the district court of the first district. The opinion states the facts.

*Messrs. Warner and Kenward,* for the appellant.

Cited Bishop's New Crim. Law, § 799; *State* v. *Brown,* 21 Kans. 38; *Fonts* v. *State,* 8 Ohio St. 98; *Kaim* v. *State,* 8 Ohio St. 306; *Keenan* v. *Com.,* 44 Pa. St. 55; *Snyder* v. *State,* 59 Ind. 105; *Hagan* v. *State,* 30 Wis. 428; *State* v. *Jones,* 20 Mo. 58; *State* v. *McCor,* 27 Iowa, 402; *State* v. *Boyle,* 28 Id. 522; *State* v. *Knonse,* 29 Id. 118; *State* v. *Thompson,* 31 Id. 393; *People* v. *Halliday,* 5 Utah, 467; *Fields* v. *State,* 52 Ala. 348, *Weller* v. *People,* 30 Mich. 276; *Johnson* v. *Com.,* 24 Pa. St. 387.

*Mr. Charles S. Varian,* U. S. Attorney, and *Mr. John M. Zane,* Assistant U. S. Attorney, for the respondent.

The words "in manner and form aforesaid" annex the words "willful, felonious, and of deliberately premeditated malice" to the killing and murdering. Bishop's Crim. Proced. vol. 2, 3d Ed. §§ 547, 550; Wharton Crim. Law

(9th Ed.), vol. 1, p. 517. Rule settled in this Territory by *People* v. *Halliday,* 5 Utah, 471. The word "unlawfully" is not necessary. *Hunter* v. *State* (Tex.), 17 S. W. Rep, 414; *Hall* v. *State,* 12 S. W. Rep. 739. All murder is one crime, and an indictment which charges any murder must charge murder in the first degree. The statute recognizes this fact, because jury fix degree. § 5076, 2 Comp. Laws, 715. So the cases hold. *State* v. *Owen,* 4 Am. Dec. 571; *Mitchell* v. *State,* 8 Yerg. 514; *People* v. *Willett,* 102 N. Y. 521; *People* v. *Conroy,* 97 N. Y. 62; *Mitchell* v. *State,* 5 Yerg. 340; *Gehrke* v. *State,* 13 Tex. 568; *People* v. *McDonnel,* 92 N. Y. 652; *State* v. *Williams,* 3 Nev. 409; *State* v. *Pike,* 49 N. H. 399; *State* v. *Henderson,* 4 Nev. 265; *Livingston's case,* 14 Gratt. 592; *State* v. *Hing,* 16 Nev. 307; *Redus* v. *People* (Colo.), 14 Pac. Rep. 323; *Territory* v. *Young,* Mont. 5, Pac. Rep. 248; *People* v. *Murphy,* 39 Cal. 52; *People* v. *Cronin,* 34 Cal. 200; *People* v. *Matlin,* 47 Cal. 102; *People* v. *Davis,* 73 Cal. 355; *Banks* v. *State,* 7 S. W. Rep. 327; *Ruther* v. *State,* 9 S. W. Rep. 69; *State* v. *Smith,* 38 Kans. 194 (overruling *State* v. *Brown,* 21 Kans. 38); *Graves* v. *State,* 45 N. J. L. 203; *Titus* v. *State,* 49 N. J. L. 36; *State* v. *Hand,* 97 Mo. 105, 10 Am. St. 289; *White* v. *Com.,* 6 Am. Rep. 443.

BARTCH, J.:

According to the record in this case the defendant was indicted on the 27th day of September, 1892, in the first judicial district, for the crime of murder. On the 29th of September, he, by his attorneys, demurred to the indictment, which demurrer was overruled, and the trial of the cause commenced on the 19th day of October. On the 26th of October, the jury returned a verdict of guilty in the first degree, and on the 3d day of November, the court sentenced the defendant to be shot; he choosing that mode of death. Before sentence was pronounced, counsel

for defendant moved the court for a new trial, which motion was overruled; and thereupon counsel moved the court in arrest of judgment, alleging as a ground that the indictment does not charge murder in the first degree. The court overruled the motion, and the defendant regularly appealed to this court, assigning as error the overruling of the several motions. No point appears to be made as to the regularity of the proceedings in the trial court, nor to the sufficiency of the evidence to sustain the verdict, if the indictment be sufficient. In the argument of the case before this court, counsel confined themselves mainly to one point,— the sufficiency of the indictment to charge murder in the first degree under our statutes; and the consideration of this point will dispose of all the assignments of error. The indictment reads as follows:

"The said Enoch Davis, on the 6th day of June, 1892, at the county of Uintah, in said Territory of Utah, in and upon one Louisa Davis, there being, willfully, feloniously, and of his deliberately premeditated malice aforethought, did make an assault with a certain revolver by him, the said Enoch Davi. then and there had and held, with which said revolver he, the said Enoch Davis, her the said Louisa Davis, upon the head did then and there willfully, feloniously, and of his deliberately premeditated malice aforethought, beat, bruise, and wound, thereby then and there inflicting upon the head of her, the said Louisa Davis, one mortal wound, of which the said Louisa Davis then and there instantly died; and so the grand jury aforesaid do say that, in manner aforesaid, he, the said Enoch Davis, her, the said Louisa Davis, then and there did kill and murder, contrary to the form of the statutes of said Territory in such case made and provided, and against the peace and dignity of the people aforesaid."

An indictment for murder in the first degree must contain all the facts necessary to constitute that crime, in

order to sustain a conviction in that degree. These facts must be precisely stated, and with sufficient certainty. It must furnish the defendant with such a description of the charge against him as will enable him to make his defense. The crime of murder is made up of acts and intent, and these must be set forth with reasonable particularity, of time, place, and circumstance. 4 Bl. Comm. 306; *U. S.* v. *Cruikshank,* 92 U. S. 542. Does, then, the above indictment set out the acts and intent—the elements which constitute the crime of murder in the first degree—with sufficient certainty? Section 4452, Comp. Laws Utah, provides that "murder is the unlawful killing of a human being with malice aforethought;" and section 4453 provides that "such malice may be expressed or implied." It is express, where there is manifested a deliberate intention unlawfully to take away the life of a fellow creature. It is implied, when no considerable provocation appears, or when the circumstances attending the killing show an abandoned or malignant heart. The elements which constitute the crime of murder under our statutes are—(1) That the being killed is a human being; (2) that the killing was unlawful; and (3) that the killing was done with malice aforethought. All these elements seem to appear in the indictment in this case. When there is a deliberate intention to take away the life of a human being, malice is express, and when a human being is killed unlawfully, without any considerable provocation, or, when the circumstances at the time of such killing show an abandoned or malignant heart, malice is implied. The term "malice" denotes a wicked intention of the mind. An act done with a depraved mind, attendant with circumstances which indicate a willful disregard of the rights or safety of others, or of social duty, indicates malice. Malice aforethought is such wicked intention of the mind previously entertained. Such intention may be inferred from the acts. 1 Whart.

Crim. Law, § 117; *Com* v. *York*, 9 Metc. (Mass.) 93. It was argued by counsel for defendant that, as used in the indictment in this case, the terms "willfully, feloniously, and of his deliberately premeditated malice aforethought" do not apply to the killing, but only to the assault; that the intent to kill is not manifest in the indictment; and that therefore the defendant was erroneously convicted of murder in the first degree. Section 4454, Comp. Laws Utah, defines the degrees into which murder is divided, and reads as follows: "Every murder perpetrated by poison, lying in wait, or any other kind of willful, deliberate, malicious, and premeditated killing; or committed in the perpetration of, or attempt to perpetrate, any arson, rape, burglary, or robbery; or perpetrated from a premeditated design, unlawfully and maliciously to effect the death of any other human being, other than him who is killed; or perpetrated by any act greatly dangerous to the lives of others, and evidencing a depraved mind, regardless of human life,—is murder in the first degree; and any other homicide committed under such circumstances as would have constituted murder at common law is murder in the second degree." If a person forms a specific intent to unlawfully kill another, such killing is deliberate, premeditated, and malicious, and is murder in the first degree. This was also murder at common law; and in this respect the common law is not changed by a statute which simply carves out of the common law offense a lesser crime,—that of murder in the second degree, —which includes that class of murder under the common law wherein the specific intent, previously formed, to take life unlawfully, is wanting. 1 Whart. Crim. Law, § 393; *Mitchell* v. *State*, 8 Yerg. 514. Counsel for defendant insist that such specific intent is wanting in this case, and that the indictment will not sustain a verdict of murder in the first degree, but will at most only sustain a verdict of murder in the second degree,

and that the allegations in the indictment necessary to constitute the crime of murder run only to the assault, and charge no specific intent to kill. If this contention be correct, then there is no ground on which the verdict can be sustained, even though it would reduce the grade of punishment of one who is actually guilty of the higher crime. The object of an indictment is to give the defendant precise information of the facts which constitute the criminal charge preferred against him.

In regard to the sufficiency of an indictment, our territorial legislature has provided as follows: "All forms of pleading in criminal actions, and the rules by which the sufficiency of pleadings is to be determined, are those prescribed by this act." Comp. Laws Utah, § 4928. Section 4930 provides that "the indictment must contain"—(2) (omitting first subdivision), "a clear and concise statement of the acts or omissions constituting the offense, with such particulars of the time, place, person, and property as will enable the defendant to understand distinctly the character of the offense complained of, and answer the indictment." And section 4938 provides that "the indictment is sufficient if it can be understood therefrom," (omitting all the subdivisions not material in this case), (6) "that the act or omission charged as the offense is clearly and distinctly set forth, without repetition, and in such a manner as to enable the court to understand what is intended; and to pronounce judgment upon a conviction according to the right of the case." These sections provide how the sufficiency of an indictment must be determined, what acts must be set forth, to what extent, and that they must be set forth clearly and distinctly, "without repetition," and in such manner "as will enable the defendant to understand the character of the offense," and the "court to understand what is intended." *People* v. *Kerm, ante.* The facts alleged in

27

the indictment in this case, after stating the time when and the place where the acts were done, are that the defendant, with a revolver had and held, willfully, feloniously, and of his deliberately premeditated malice aforethought made an assault upon the deceased, and did, with said revolver, then and there willfully, feloniously, and of his deliberately premeditated malice aforethought, beat, bruise, and wound the deceased upon the head, thereby inflicting one mortal wound, of which she then and there instantly died, and in that manner he did kill and murder the deceased. Viewing these allegations in the light of the statutes above quoted, we think the acts of the defendant have been sufficiently described under the law. The elements which constitute the crime of murder are stated with reasonable clearness and precision, and the indictment furnished such a description of the charge against the accused as was necessary to enable him to make his defense against the crime of murder in the first degree. From the allegations the intent is manifest, and, if the facts alleged be true, it cannot be successfully contended that the appellant merely intended a severe chastisement, and did not intend to kill. The instrument used, the fierceness of the assault, the manner and place of the inflicting of the wounds, the instantly fatal result, all repel such a theory, and, from the facts alleged, one cannot reasonably conceive of any other felony which he intended to perpetrate. The allegations are sufficient to show that he intended the consequences of his acts. A person who uses a deadly weapon in an unlawful manner must be taken to intend the natural and usual consequences resulting from such use. *Keenan* v. *Com.*, 44 Pa. St. 55. *People* v. *Halliday*, 5 Utah, 471, 17 Pac. Rep. 118. Chief Justice BIGELOW, in *Com.* v. *Hersey*, 2 Allen, 173, after commenting on the authorities as to essential averments to the validity of an indictment, says: "There can be no doubt that in every case,

to render a party responsible for a felony, a vicious will
or wicked intent must concur with a wrongful act.   But
it does not follow that, because a man cannot commit a
felony unless he has an evil or malicious mind or will, it
is necessary to aver the guilty intent as a substantive part
of the crime, in giving a technical description of it in
the indictment.   On the contrary, as the law presumes
that every man intends the natural and necessary conse-
quences of his acts, it is sufficient to aver in apt and
technical words that the defendant committed a criminal
act, without alleging the specific intent with which it was
done.   In such case the · act necessarily includes the
intent."   The word "intent" is not used in the indict-
ment in this case, but, as has already been observed, it
is incorporated in the term "malice aforethought," and
so also the acts described include the intent.   The words
"and" and "then and there" are used in connection
with each allegation, and the allegation "willfully, feloni-
ously, and of his deliberately premeditated malice afore-
thought" applied to the assault, as shown in the
indictment, and to the beating, bruising, and wounding
ran also, through the words "and" and "then and
there" to the killing, and therefore, it was not necessary
to repeat the terms "willfully," "feloniously," etc., in
connection with the allegation "did kill and murder."
A further repetition would neither have rendered the
charge more clear or certain, nor would it have brought
the indictment nearer to the requirements of our statute.
*State* v. *Owen,* 4 Amer. Dec. 571; 2 Bish. Crim. Proc.
(3d Ed.) § 547; *People* v. *Davis,* 73 Cal. 355, 15 Pac.
Rep. 8.   Counsel for appellant placed much stress on the
decision in *State* v. *Brown,* 21 Kan. 38, and it appears
to sustain their view of the case, but we do not think
that decision is sustained by the weight of authority.
The facts concerning the unlawful acts of the defendant
were set out with sufficient clearness and certainty in the

indictment to give him precise information regarding the degree of the crime for which he was required to answer, and there appears to be no good reason why the majesty of the law should not be vindicated. The judgment of the court below is affirmed, and the case is remanded for further proceedings in accordance with law.

ZANE, C. J., concurred, MINER, J., dissented.