[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13618
Non-Argument Calendar

_____

D.C. Docket No. 1:18-cv-00141-JRH-BKE

DEMARCUS WHITAKER,

Plaintiff - Appellant,

versus

THE BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA,
BROOKS KEEL,
President of Augusta University,
in his individual and official capacity,
JAMES RUSH,
Chief Integrity Officer of Augusta University,
in his individual and official capacity,
MICHELLE REED,
Title IX coordinator of Augusta University,
in her individual and official capacity,
GINA THURMAN,
Assistant Dean of Student Life & Enrollment,
in her individual and official capacity, et al.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(September 14, 2021)

Before JORDAN, GRANT, and EDMONDSON, Circuit Judges.

PER CURIAM:

DeMarcus Whitaker ("Plaintiff"), proceeding pro se,[1] appeals the district court's dismissal -- pursuant to Fed. R. Civ. P. 12(b)(6) -- of his amended complaint for failure to state a claim.  No reversible error has been shown; we affirm.

I.      Background

This appeal arises from an allegation of sexual harassment made against Plaintiff by a former classmate ("Jane Roe").  Briefly stated, these allegations

_____

[1] We read liberally briefs filed by pro se litigants.  See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).

2

serve as the facts.  During the fall semester of 2016, Plaintiff was a student at Augusta University ("AU"), a unit of the Board of Regents of the University System of Georgia ("Board").  Plaintiff and Roe were assigned as lab partners in a biology class.  In September 2016, Roe complained to AU that Plaintiff had harassed her sexually and had touched her without her consent.

Following Roe's complaint, AU issued a "no contact" order to both Plaintiff and to Roe.  Plaintiff says Roe violated the university's no-contact order when she later spoke to him on three occasions about class-related matters.  In November 2016, Plaintiff reported Roe's no-contact violations to AU's Title IX coordinator (Michelle Reed) and to AU's Dean of Student Life and Enrollment (Gina Thurman), both of whom were then also involved in investigating Roe's sexual-harassment complaint.

Plaintiff says he ultimately stopped attending biology class due to the stress caused by Roe.  When Plaintiff asked Thurman about withdrawing from the class, Thurman told Plaintiff that Plaintiff would need a doctor's note to withdraw without penalty.  Plaintiff objected to having to provide a doctor's note and filed a bias claim against Thurman and Reed based on the doctor-note requirement.

Following an initial investigation, Thurman formally charged Plaintiff with sexual harassment in December 2016.

3

In January 2017, Plaintiff filed a second bias claim against Thurman and Reed for their handling of Roe's claim. Reed and Thurman were later found by an independent, university factfinder (Tracy Woods)[2] to be unbiased.

In May 2017, AU conducted the hearing on Roe's claim for sexual harassment. The hearing panel found Plaintiff "not responsible" for sexual harassment.

AU later declined to investigate Plaintiff's earlier complaint about Roe's purported violations of the no-contact order because -- by that time -- Roe had already graduated.

In August 2018, Plaintiff filed this civil action against the Board, Thurman, Reed, Woods, and four other university employees. Pertinent to this appeal,[3] Plaintiff, in his long complaint, asserted claims for sex discrimination and retaliation, in violation of Title IX of the Education Amendments of 1972, 20

---

[2] Woods was the Title IX Coordinator/Human Resources Director at East Georgia State College: an institution governed by the Board.

[3] Plaintiff's amended complaint asserted a total of 7 federal claims and 27 claims under Georgia law. On appeal, Plaintiff raises no challenge to the district court's dismissal of his federal claims for conspiracy in violation of 42 U.S.C. § 1985 (Counts III & IV), for violation of substantive and procedural due process (Count V), and for violation of the Fifth Amendment right against self-incrimination (Count VII). Nor does Plaintiff challenge the district court's decision declining to exercise supplemental jurisdiction over Plaintiff's state law claims. These claims are thus not properly before us in this appeal. See Timson, 518 F.3d at 874 (explaining that "issues not briefed on appeal by a pro se litigant are deemed abandoned.").

U.S.C. § 1681 ("Title IX"), and for violation of the Fourteenth Amendment's Equal Protection Clause.

The district court granted defendants' motions to dismiss. The district court construed Plaintiff's complaint as asserting a Title IX sex-discrimination claim under three separate theories: deliberate indifference, selective enforcement, and erroneous outcome. The district court determined that Plaintiff failed to state a claim for sex discrimination based on deliberate indifference because Plaintiff never alleged that he was the victim of sexual harassment. The district court noted that this Court has never adopted either the selective-enforcement or erroneous-outcome theories asserted by Plaintiff. Nevertheless, the district court concluded that Plaintiff failed to state a claim under either of those two alternative theories: (1) Plaintiff failed to allege facts sufficient to show that Roe was a similarly-situated comparator to Plaintiff or that the purported differential treatment was based on Plaintiff's sex and (2) Plaintiff was found "not responsible" for sexual harassment and thus had shown no erroneous outcome.

The district court next determined that Plaintiff failed to state a claim for unlawful retaliation under Title IX. The district court first concluded that Plaintiff failed to allege sufficiently that he had engaged in protected expression because -- although Plaintiff complained to university officials that he was being treated

5

unfairly and differently from Roe -- Plaintiff never complained that he was being mistreated because of his sex or because of his participation in a Title IX investigation. The district court also determined that Plaintiff failed to allege sufficiently that he suffered an adverse action that was either materially adverse or that was causally related to Plaintiff's complaints.

About Plaintiff's Equal Protection claim, the district court -- based on two independent grounds -- determined that Plaintiff failed to state a claim for relief: (1) Plaintiff identified no similarly-situated comparator who was treated more favorably that he was and (2) Plaintiff failed to allege differential treatment on account of Plaintiff's sex.

II.    Discussion

We review <u>de novo</u> a district court's dismissal for failure to state a claim, accepting all properly alleged facts as true and construing them in the light most favorable to the plaintiff. <u>Butler v. Sheriff of Palm Beach Cty</u>., 685 F.3d 1261, 1265 (11th Cir. 2012).

To survive a motion to dismiss, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ.

6

P. 8(a)(2).  In addition to containing well-pleaded factual allegations, complaints must also meet the "plausibility standard" set forth by the Supreme Court in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and in Ashcroft v. Iqbal, 556 U.S. 662 (2009).  This plausibility standard requires that a complaint "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 556 U.S. at 678.  To state a plausible claim for relief, plaintiffs must offer "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  "Factual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 556 U.S. at 678.

A complaint filed by a pro se litigant is construed more liberally than a formal pleading drafted by a lawyer.  Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990).  Despite this leniency toward pro se litigants, courts may not step into the role of de facto counsel or "rewrite an otherwise deficient pleading in order to sustain an action."  GJR Invs. v. Cty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998).

A. Title IX Sex Discrimination

Under Title IX, "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a).

The district court committed no error in dismissing Plaintiff's claim for sex discrimination under Title IX. Because Plaintiff was the alleged harasser -- not a victim of sexual harassment, the district court concluded correctly that Plaintiff could state no claim for unlawful sex discrimination under a theory of deliberate indifference. See Williams v. Bd. of Regents, 477 F.3d 1282, 1293 (11th Cir. 2007) (explaining that an institution may be liable under Title IX to a victim of student-on-student sexual harassment if the institution knew about and was deliberately indifferent to the harassment).

Nor did the district court err in determining that Plaintiff failed to state a claim for relief under an erroneous-outcome theory. Under that theory, a student seeking to challenge a university disciplinary proceeding "must show both that he was 'innocent and wrongly found to have committed an offense' and that there is 'a causal connection between the flawed outcome and gender bias.'" See Doe v.

8

Valencia Coll., 903 F.3d 1220, 1236 (11th Cir. 2018) (assuming for purposes of

that appeal that a Title IX violation may be established via the "erroneous

outcome" test recognized in Yusuf v. Vassar Coll., 35 F.3d 709 (2d. Cir. 1994)).

Because Plaintiff was found "not responsible" for sexual harassment, Plaintiff

cannot show that he was "wrongly found to have committed an offense."

Plaintiff -- relying on the Second Circuit's decision in Yusuf -- also asserts a

claim for Title IX sex discrimination under a selective-enforcement theory: a

theory that has never been adopted expressly by this Circuit.  See Valencia Coll.,

903 F.3d at 1236 n.13.  Under that theory, a plaintiff challenging a university

disciplinary proceeding must establish that "regardless of the student's guilt or

innocence, the severity of the penalty and/or the decision to initiate the proceeding

was affected by the student's gender."  Yusuf, 35 F.3d at 715.  Even if we assume

for purposes of this appeal that a Title IX violation can be established under a

selective-enforcement theory, we see no error in the district court's determination

that Plaintiff failed to state a claim under that theory.

Plaintiff alleges that defendants "selectively enforced" Title IX when they

investigated fully Roe's sexual-harassment complaint and ignored Plaintiff's

complaint about violations of the no-contact order.  But Plaintiff and Roe were not

similarly situated as complainants.  The conduct underlying Roe's complaint

9

against Plaintiff (sexual harassment and unwanted touching proscribed by federal law) is clearly of greater severity, degree, and kind than the conduct underlying Plaintiff's complaint against Roe (brief statements about class-related matters in violation of a university-issued no-contact order).  Given the substantial differences between the two kinds of complaints, we cannot draw the reasonable inference (that is, move beyond speculation) that defendants' decision to investigate Roe's complaint, but not Plaintiff's complaint was a decision likely motivated by Plaintiff's sex.

B. Title IX Retaliation

Plaintiff next challenges the district court's dismissal of his Title IX retaliation claim.  Retaliation against a person because that person complained of sex discrimination constitutes intentional sex discrimination in violation of Title IX.  See Jackson v. Birmingham Bd. of Educ., 544 U.S. 167, 173 (2005).  To prove a prima facie case of retaliation, a plaintiff must show (1) that he engaged in statutorily protected expression; (2) that he suffered an adverse action; and (3) a causal connection between the two events.  See Thomas v. Cooper Lighting, Inc.,

10

506 F.3d 1361, 1363 (11th Cir. 2007) (addressing a retaliation claim in the context of Title VII of the Civil Rights Act of 1964).[4]

Plaintiff argues that the district court failed to recognize distinctly each instance of Plaintiff's speech about discrimination. Plaintiff, however, raised in his initial brief no challenge to the district court's determination that Plaintiff failed to allege sufficient facts to demonstrate a material adverse act or to show a causal connection between an adverse act and Plaintiff's speech.

"While we read briefs filed by pro se litigants liberally, issues not briefed on appeal by a pro se litigant are deemed abandoned" and we will "not address arguments raised for the first time in a pro se litigant's reply brief." Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) (citations omitted). "When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed." Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 680 (11th Cir. 2014). Passing references to the district court's alternative ruling do not suffice. See id. at 681.

---

[4] In considering Plaintiff's Title IX retaliation claim, the district court looked to the framework used for examining retaliation claims made under Title VII. Absent an objection from either party, we follow the same approach.

11

Because Plaintiff failed to address in his initial appellate brief each of the district court's independent grounds for dismissing his retaliation claim, those issues are abandoned.  See Sapuppo, 739 F.3d at 680; Timson, 518 F.3d at 874.  We thus affirm the dismissal of Plaintiff's Title IX retaliation claim.

C. Equal Protection Clause

To establish a violation of the Equal Protection Clause, a plaintiff must show that he was "treated differently from other similarly situated individuals," Campbell v. Rainbow City, 434 F.3d 1306, 1314 (11th Cir. 2006), and that the "challenged action was motivated by an intent to discriminate."  Elston v. Talladega Cty. Bd. of Educ., 997 F.2d 1394, 1406 (11th Cir. 1993).  "[D]ifferent treatment of dissimilarly situated persons does not violate the equal protection clause."  Campbell, 434 F.3d at 1314.  A similarly-situated comparator means a person who is "similarly situated in all material respects."  Lewis v. City of Union City, 918 F.3d 1213, 1218, 1220 n.5 (11th Cir. 2019) (noting that sex-related claims under the Equal Protection Clause are analyzed using the same burden-shifting framework used to analyze discrimination claims under Title VII).

12

In addressing Plaintiff's Equal Protection claim, the district court construed Plaintiff's complaint as asserting three instances of alleged discrimination: (1) that the people investigating Roe's sexual harassment claim favored Roe over Plaintiff; (2) that Plaintiff's claim of bias against him was not investigated adequately; and (3) that Plaintiff's complaint about Roe's purported violation of the no-contact order was never investigated. For each alleged act of discrimination, the district court concluded that Plaintiff failed to identify a similarly-situated comparator who was treated more favorably than Plaintiff. In the alternative, the district court also determined that Plaintiff never alleged that the complained-of differential treatment was on account of his sex and that Plaintiff alleged no facts that tended to show that defendants' acts were motivated by Plaintiff's sex.

We see no error in the district court's determination that Plaintiff identified no similarly-situated comparator. For reasons we have already touched upon, Roe and Plaintiff were not similarly situated. Thus, to the extent Plaintiff says he was treated differently from Roe -- both during the investigation of Roe's sexual harassment claim and with respect to Plaintiff's complaint about violations of the no-contact order - Plaintiff has alleged no equal protection violation. Nor has Plaintiff alleged facts suggesting that he was treated differently than another person who complained of bias in a sexual-harassment investigation.

13

On appeal, Plaintiff raises no challenge to the district court's determinations that Roe was not similarly situated or that Plaintiff identified no valid comparator. Plaintiff argues, instead, that he was not required to identify a similarly-situated comparator.  Plaintiff is mistaken.

We accept that a plaintiff need not allege facts sufficient to prove a prima facie case under the burden-shifting framework established in McDonnell Douglas.[5]  See Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1246 (11th Cir. 2015) (noting that the McDonnell Douglas framework constitutes "an evidentiary standard, not a pleading requirement").  But to avoid dismissal, a plaintiff must plead facts (accepted as true) sufficient to state a plausible claim for relief.  See Iqbal, 556 U.S. at 678.  Here, Plaintiff has alleged no facts from which we can draw a reasonable inference that Plaintiff was treated differently from another similarly-situated person or that the complained-of differential treatment was motivated by an intent to discriminate on an unlawful ground.  Plaintiff identified no valid comparator and alleged no other specific facts that would raise his equal protection claim above the speculative level.  See Twombly, 550 U.S. at 555.

---

[5] McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

14

On these pleadings and for these reasons, we affirm the district court's dismissal of Plaintiff's amended complaint pursuant to Fed. R. Civ. P. 12(b)(6).

AFFIRMED.