THE STATE v. RICE, Appellant.

149   461<br>162   674

Division Two, May 9, 1899.

1. **Criminal Practice**: CONTINUANCE.  If defendant appears at the term at which he is indicted for murder,  and at his request the cause is set for trial on a certain day, his case stands for trial, under the statute, at the term at which the indictment is found, and can only be continued for cause.

2. ——: ——: ABSENT WITNESS.  If defendant's case stands for trial under the statute, he is not entitled to a continuance on the ground of the absence of certain named witnesses, unless his motion discloses the materiality of the evidence expected to be obtained from them, and that he believes the facts which he expects to prove by them to be true.

3. ——: ——: ——: MATERIALITY.  Although the motion stated that the defendant expected to prove by the absent witnesses that deceased had frequently threatened his life,  that she carried concealed upon her person a dirk and a revolver, and that she procured poison with which to poison him, yet as it did not appear from the motion that the defense relied upon was self-defense, the materiality of the evidence did not appear from the motion, and it was therefore properly overruled.

4. **Murder**: INDICTMENT: FELONIOUSLY: THEN AND THERE.  It is held in this case that it would have been better pleading if the word "feloniously" had been repeated just before the words describing, the giving of the mortal wound.  But it is not bad for that reason, since that word is necessarily and logically connected with those describing the giving of the mortal shot, by the use of the word, "then and there."

*Appeal from Oregon Circuit Court.*—HON. W. N. EVANS, Judge.

AFFIRMED.

S. A. HANDY and HARRIS & NORMAN for appellant.

(1)    The defendant should have been granted a continuance on his application.    The defendant's affidavit meets every requirement of section 4181, Revised Statutes 1889. It shows the materiality of evidence of the absent witnesses. It showed that due diligence had been used to obtain the evidence of said absent witnesses.   An application for a continuance is reviewable in this court; and this court reserves the right to inquire into the facts of each case, and reverse if the continuance was improperly refused. McLane v.Harris, 1 Mo. 701; Riggs v. Fenton, 3 Mo. 28; Tunstall v. Hamilton, 8 Mo. 500; State v. Wood, 68 Mo. 444; State v. McGuire, 69 Mo. 197; State v. Walker, 69 Mo. 274; State v. Farrow, 74 Mo. 531; State v. Lewis, 74 Mo. 222; State v. Berkley, 92 Mo. 41; State v. Anderson, 96 Mo. 241; State v. Maddox, 117 Mo. 667.    (2)    An indictment for murder which fails to charge that the homicidal act itself was done feloniously is insufficient, and this is not cured by the allegation that the assault was made feloniously, nor by the concluding words in the indictment that the defendant did "feloniously," etc., "kill and murder," the words "feloniously," etc., previously alleged not being connected with the mortal stroke by the words "then and there."    State v. Feaster, 25 Mo. 324; 2 Bishop's Crim. Proc., sec. 564; State v. Herrell, 97 Mo. 105; State v. Fairlamb, 121 Mo. 155.

EDWARD C. CROW, Attorney-General, and SAM B. JEFFRIES, Assistant Attorney-General, for the State.

(1)    The granting or refusing a continuance is a matter largely within the discretion of the trial court and nothing save an abuse of the discretion will warrant an interference by the appellate court.    State v. Parker, 106 Mo. 217; State v. Walker, 69 Mo. 274; State v. Jewell, 90 Mo. 467; State v. Nelson, 85 Mo. 134; State v. Day, 100 Mo. 242; State v. Banks, 118 Mo. 117.    (2)    An application for a continuance

because of an absent witness must show the materiality of such person's testimony by disclosing the nature of the defense so that the court may determine its competency and relevancy. There is nothing to show that at the time the application was filed or considered by the trial court, the defendant intended to rely upon the plea of self-defense. The nature of his defense should have been made known to the court or made manifest on the face of the application; this was not done. State v. Pagels, 92 Mo. 300; State v. Bryant, 93 Mo. 273; State v. Kindred, 148 Mo. 270; State v. Cochran, 147 Mo. 504. (3) The sufficiency of the indictment should not be questioned. The form has been heretofore approved. Kelley's Crim. Law, 306; State v. Burns, 99 Mo. 473; Wharton's Prac., p. 155.

BURGESS, J.—The defendant was convicted in the circuit court of Oregon county for murder in the first degree, and his punishment fixed at death, for having shot to death with a Winchester rifle his wife, Mary C. Rice, at said county on the twenty-seventh day of June, 1898.

He appeals.

Defendant had been previously married before his marriage to the deceased. By his first wife there were three children, the oldest being about nine years of age. The deceased was about twenty years of age at the time of the homicide. She and the defendant had not lived happily together, and she had left him two or three times, but upon his solicitations returned to him. Finally she left him and went to the house of an aged lady by the name of Conner to make her home, where she had been living about three weeks when defendant on the evening or night of June 26, 1898, took his rifle and went and watched around the house nearly all night with the hope that she might come out so he could see her, and failing in this he went to the spring where he knew the family got water, and waited until morning, think-

ing that she would come to the spring for water.   Between six and seven o'clock in the morning, being June 27, 1898, deceased and Mrs. Sarah A. Conner, a daughter-in-law of the lady with whom deceased was then living and who had staid there the night before, went to the spring for water and there met defendant, who asked deceased if she would return and live with him?   She replied that she would not, and stooped down to get her bucket of water when defendant raised his gun, remarked to her "God damn you," and fired at her, the ball penetrating her left breast, entering the body in the region of the heart, from the effects of which she died in about thirty minutes.   He then left her lying upon the ground, returned to his camp where he was living, sent for one of his neighbors and told him all about the homicide.  He had repeatedly threatened to kill deceased if she did not return and live with him.

The indictment against defendant was returned on the twenty-third day of August, 1898.   Thereupon at his request the cause was set for trial on the fifth day of September, 1898.   When the case was called for trial at that time, defendant presented his motion for a continuance upon the ground of the absence of four witnesses therein named.   The application was overruled, and the action of the court in this regard is assigned for error.

Section 4137, Revised Statutes 1889, provides that "all indictments and informations shall be tried at the term at which the indictment is found or information filed, if the defendant is in custody or appears at such term, or at the first term at which the defendant appears, unless the same be continued for cause."   It is clear from this statute that the case stood for trial at the term at which the indictment was preferred, and to entitle defendant to a continuance his motion in addition to the facts therein stated, should have shown the materiality of the evidence expected to be obtained, and that the facts he expected to prove by said witnesses he

believed to be true (R. S. 1889, sec. 4181), but it contained no such averments.   While the motion discloses that defendant expected to prove by the absent witnesses that deceased had repeatedly threatened his life, that she carried concealed upon her person a dirk and revolver, and that she procured poison with which to poison him, the nature of the defense intended to be relied upon by him does not appear from the motion to have been self-defense, for which purpose only the evidence would have been admissible.   The materiality of the evidence did not therefore appear from the motion, and for this reason the motion was properly overruled. [State v. Pagels, 92 Mo. 300; State v. Bryant, 93 Mo. 273; State v. Cochran, 147 Mo. 504; State v. Kindred, 148 Mo. 270.]

Not only this, but it was developed upon the trial that the plea of self-defense was a mere pretext without merit, and unworthy of being called such—hence defendant could not possibly have been prejudiced by the action of the court in overruling the motion.   Moreover, the granting or refusing a continuance is a matter resting largely in the discretion of the trial court, and this court will not interfere unless it be made to appear that such discretion has been unwisely exercised, which has not been done in this case.   [State v. Day, 100 Mo. 242; State v. Banks, 118 Mo. 117.]

It is also insisted that the indictment is bad in that it fails to charge that with the bullet so shot out of said rifle the defendant then and there feloniously, willfully, etc., did strike penetrate and wound; in other words that the words feloniously, etc., previously alleged, are not connected with the mortal shot by the use of the words then and there.

The indictment alleges that the grand jury upon their oath present that Carroll M. Rice on the twenty-seventh day of June, 1898, at the county of Oregon, in and upon one Mary C. Rice then and there feloniously, willfully, deliberately, premeditatedly, on purpose and of his malice aforethought, did then and there shoot off and discharge

Vol. 149 mo—30

at and upon her the said Mary C. Rice with the Winchester rifle aforesaid, loaded with the gunpowder and leaden balls aforesaid, and then and there giving to her the said Mary C. Rice with one of the leaden balls aforesaid, in and upon her the said Mary C. Rice and upon and in the left side of the body of her the said Mary C. Rice one mortal wound of the breadth of two inches and of the depth of eight inches, of which said mortal wound the said Mary C. Rice at the time and place aforesaid instantly died. While the indictment is rather inartistically drawn, it is not we think subject to the objection urged against it, as the words feloniously, etc., first alleged therein, are subsequently connected with the striking of the bullet, and its result, by the use of the very words, to wit, then and there, etc., which defendant insists are necessary to make the indictment good. It would perhaps have been better had the word feloniously been repeated next after the words "then and there" when used the second time in the indictment so that it would read, "then and there feloniously" giving to her the said Mary C. Rice with one of the leaden bullets, etc., one mortal wound but as the words feloniously, etc., as first alleged, are connected with the mortal shot by the words "and then and there," the words feloniously, etc., become component parts of the subsequent allegations, and, connect them with the mortal shot which is all that was necessary in order to make the indictment good. [State v. Herrell, 97 Mo. 105, and authorities cited; 3 Chitty, Criminal Law (5 Am. Ed), 738.]

The evidence showed defendant to be guilty beyond any question of one of the most deliberate and unprovoked murders ever perpetrated by man. He seems to have had a fair and impartial trial, and must suffer the penalty imposed by law for its transgression in such cases.

We affirm the judgment and direct the sentence to be executed. GANTT, P. J., and SHERWOOD, J., concur.