CHARLES DANIELS, PLAINTIFF IN ERROR, VS. THE STATE.
OF FLORIDA, DEFENDANT IN ERROR.

1. In cases of murder the homicidal act or efficient cause of death, that is the infliction of the mortal wound, must be charged to have been perpetrated from a premeditated design to effect death; and the indictment will be fatally defective, if it fails to so charge.

2. Where an indictment charges that C. D. "did *unlawfully and from a premeditated design to effect the death of* one C. G., make an assault on the said C. G.; and a certain pistol which then and there was loaded with leaden bullets and by him the said C. D. had and held in his hand, he, the said C. D., did then and there *unlawfully and from a premeditated design* to effect the death of the said C. G., shoot off and discharge at and upon the said C. G. *thereby and by thus* striking the said C. G. with the said leaden bullets, inflicting on and in the body of the said C. G. one mortal wound, etc., the homicidal

Daniels v. The State of Florida—Opinion of Court.

act or efficient cause of death is charged to have been perpetrated from a premeditated design to effect death, although the words "from a premeditated design to effect death" are not repeated when the infliction of the mortal wound is charged, since these words, previously alleged, are connected with the mortal stroke by the words "thereby and by thus." The case of Simmons v. State, 32, Fla. 387, 13 South Rep. 896, considered and disapproved.

This case was decided by Division B.

Writ of Error to the Circuit Court for DeSoto County.

The facts in the case are stated in the opinion of the Court.

*Forrester* & *Burton,* for Plaintiff in Error;

*W. H. Ellis,* Attorney General, and *H. S. Phillips,* for Defendant in Error.

PARKHILL, J.: Indictment, of which, omitting formal parts, a copy follows:

"The grand jurors of the State of Florida, inquiring in and for the body of the county of DeSoto upon their oaths present that Charles Daniels, late of the county of DeSoto aforesaid, on the first day of July, in the year of our Lord one thousand nine hundred and five, and in the county of DeSoto aforesaid did unlawfully and from a premeditated design to effect the death of one Charles Grant make an assault on the said Charles Grant; and a certain pistol which then and there was loaded with gun powder and leaden bullets and by him the said Charles Daniels had and held in his hand, he, the said Charles Daniels did then and

there unlawfully and from a premeditated design to effect the death of the said Charles Grant shoot off and discharge at and upon the said Charles Grant, thereby and by thus striking the said Charles Grant with the said leaden bullets, inflicting on and in the body of the said Charles Grant one mortal wound of which said mortal wound the said Charles Grant then and there died. And so the said Charles Daniels did, in manner and form aforesaid, unlawfully and from a premeditated design to effect the death of the said Charles Grant, kill and murder the said Charles Grant contrary to the form of the statute in such case made and provided and against the peace and dignity of the State of Florida."

To this indictment, March 13th, 1906, the defendant pleaded not guilty, was tried and convicted of murder in the first degree, and afterwards moved in arrest of judgment upon the following grounds:

"First. The indictment, under and by virtue of which the defendant stands convicted, does not charge the crime of murder in the first degree.

Second. The said indictment does not charge that the homicidal act therein alleged was done from a premeditated design to effect the death of the deceased."

The error assigned is the overruling of this motion and the holding thereby that the indictment was sufficient to charge murder in the first degree.

The objection which is urged to this indictment is "that the homicidal act is not alleged to have been done with a premeditated design to effect death." Undoubtedly the homicidal act or efficient cause of the death, that is the infliction of the mortal wound, must be charged to have been perpetrated from a premeditated design to effect death; and the indictment will be fatally defective, if it fails to so charge. Of course this allegation that the

homicidal act was perpetrated from a premeditated design to effect death could be made by repeating the words "from a premeditated design to effect the death of the said Charles Grant" in the clause which shows the giving of the wound, as is done in the form given in 3 Chitty's Crim. Law, 753, and as is contended for by counsel for plaintiff in error here. But, as was said by Hawkins in second volume of his treaties of the Pleas of the Crown, on page 314, "It hath been adjudged, that if in the first part of an indictment of death, the assault be laid with malice prepense, etc., there is no need to repeat it in the following clause, which shows the giving of the wound, being joined with a copulative to the precedent sentence and laid at the same time and place with the assault."

The indictment before us charges the assault, the discharge and shooting off of the pistol by the defendant unlawfully and from a premeditated design to effect the death of Grant, the deceased. Although the words "from a premeditated design to effect death" are not repeated when the indictment charges the infliction of the mortal wound, yet these words, previously alleged, are connected with the mortal stroke by the words "thereby and by thus;" and the words from a premeditated design to effect the death of the deceased run through the subsequent allegations and are thus connected with the infliction of the mortal wound to which they are essential. Bishop is ample authority for holding that this manner of charging the infliction of the mortal wound from a premeditated design to effect death is sufficient. Indeed, the indictment in the instant case is taken from the form given by him in section 520, Bishop's Directions and Forms. In a note on this section, speaking of the clause in the indictment "thereby and by thus striking the said

X with the said leaden bullet, inflicting &c. one mortal wound," Bishop says: "I have endeavored to avoid some of the common verbiage of this allegation, yet to *omit nothing* which any pleader would deem important." By the use of the words "thereby and by thus striking" in connection with the other allegations of the indictment before us, the pleader has clearly and fully, though briefly and succinctly, alleged that the defendant struck the deceased with the bullets fired from the pistol and gave the deceased a mortal wound and that he so struck and mortally wounded the deceased unlawfully and from a premeditated design to effect his death.

The word *thereby* in this indictment signifies "by that means" or in consequence of the preceding allegations, and refers to all that precedes it, both as to the act of firing the pistol and to the premeditated design with which the pistol was discharged. Union Rolling Mill Co. v. Gillin, 100 Ill. 52, text 54; Lieuallen v. Mosgrove. 33 Ore. 282, 54 Pac. Rep. 200, 202. This word *"thereby"* qualifies, and is to be read with the subsequent clause "inflicting on and in the body of the said Charles Grant one mortal wound." The word *thus* means " in the way just indicated," and the clause "by thus striking the said Charles Grant with the said leaden bullets" likewise refers to the preceding allegations and charges a striking of the deceased with the leaden bullets. Giving to the indictment this reasonable interpretation it means that the said Charles Daniels did then and there unlawfully and from a premeditated design to effect the death of the said Charles Grant, shoot off and discharge the pistol loaded with leaden bullets at and upon the said Charles Grant, thereby, and by thus striking (that is to say, by the means and in the manner just previously stated in-

cluding the premeditated design) the said Charles Grant with the said leaden bullets inflicting, etc., and thus interpreted it charges that the efficient cause of death was perpetrated from a premeditated design to effect the death of Grant.

In State v. Haworth, 24 Utah 398, 68 Pac. Rep. 155, the information is drawn in the form given by Bishop; and, like the indictment before us, employs the words "thereby and by thus" striking to connect the words feloniously, &c. previously alleged with the infliction of the mortal wound. In that case the court said the contention of the appellant that the information does not charge him with murder in the first degree is untenable.

Speaking of the indictment set out in Shepherd v. State, 64 Ind. 43, and in which the words thereby is used the court said: "It is well drawn and sufficient in every particular."

Other authorities hold that an indictment will be made good, notwithstanding it fails to allege that the wound was feloniously, wilfully and of his malice aforethought, etc. given, provided that the words feloniously, etc., previously alleged, are connected with the mortal stroke by the words "and then and there;" for, in such case, the words feloniously, etc. will run through the subsequent allegations and be thus connected with the mortal stroke. St. Clair vs. United States, 154 U. S. 134, 14 Sup. Ct. Rep. 1002; State vs. Herrell, 97 Mo. 105, text 109, 10 S. W. Rep. 387; 1 East P. C. 346; 2 Hale P. C. 184; State vs. Lakey, 65 Mo. 217; State vs. Steeley, 65 Mo. 218; State vs. Sides, 64 Mo. 383; State vs. Owen, 1 Murph. (N. C.) 452, text 458; People vs. Davis, 73 Cal. 355, 15 Pac. Rep. 5; People vs. Davis, 8 Utah 412, 32 Pac. Rep. 670; State vs. Rice, 149 Mo. 461, 51 S. W. Rep. 78.

In State vs. Owen, *supra,* the Supreme Court of North Carolina refers approvingly to certain English decisions. Thus : "Where the indictment charges that A. feloniously, and of his malice aforethought, assaulted B., and with a sword, etc., and *then and there* struck him, etc., held the first allegation 'feloniously and of his malice aforethought,' applied to the assault, ran also to the stroke to which it is essential." And so where an indictment stated that the prisoner did wilfully, feloniously, and of his malice aforethought mix poison, with the intent the same should be taken and eaten by the deceased, "and the said poison then and there delivered to the deceased," the indictment was held sufficient by all the judges without the words "feloniously and of her malice aforethought," immediately preceding the allegation of delivering the poison; for they considered that these words ran by the word "and" and the words "then and there," and became applicable to the delivery of the poison.

We fail to see how the words from a premeditated design to effect death as first alleged could be connected with the giving of the mortal wound by the words "and then and there" any more clearly and properly than by the words "thereby and by thus." Indeed the latter expression carries the mind more easily, naturally and forcibly back to the previous allegation of the premeditated design to effect death than is done by the former.

We have carefully considered the decision of this court in Simmons vs. State, 32 Fla. 387, 13 South, Rep. 896. We think that the law is correctly stated in the headnote of that decision as follows : "In cases of murder, according to strict rule, it seems that the homicidal act, or the act which is the efficient cause of death, must be alleged to have been done with a premeditated design to effect the

death of the deceased; and where this is not done the indictment is defective."

We differ, however, from the suggestion in the opinion that the indictment in that case was defective in not alleging that the efficient cause of death was from a premeditated design to effect death. In so far, therefore, as any expressions in Simmons v. State are in conflict with the views here expressed the same are disapproved.

Finding no error, the judgment of the Circuit Court in said cause is hereby affirmed, at the cost of the county of DeSoto, the plaintiff in error having been adjudged to be insolvent.

TAYLOR and HOCKER, JJ., concur.

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur in the opinion.