ANITA BUIE AND JUDGE D. RUFFIAN, *Plaintiffs in Error*, v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed November 17, 1914.

1.  One count of an indictment may by apt expressions refer to a previous count for specifications of time and place when the data referred to are not repugnant to the count in which the reference is made and the reference cannot reasonably be harmful to the accused.

2.  In an indictment for murder an allegation that the accused did "unlawfully and from a premeditated design to effect the death of the said J., shot off and discharged at and upon the said J., thereby and by thus striking the said J. with lead," etc., sufficiently alleges the efficient cause of the death to have been done unlawfully and from a premeditated design to effect death.

3.  The provision of Section 3178, General Statutes of 1906, that whoever aids in the commission of a felony, or is accessory thereto, before the fact, by counseling, hiring or otherwise procuring such felony to be committed, shall be punished in the same manner prescribed for the punishment of the principal felon, in effect makes an accessory before the fact a principal.

4.  In view of Section 3178, General Statutes of 1906, a verdict finding both defendants guilty of murder in the second degree where one is charged as principal and the other as accessory before the fact of murder in the first degree, is not material or harmful error.

5. Where the bill of exceptions shows the cause was submitted to the jury after the defendants had testified, and there is nothing to indicate the contrary, it will be assumed that the defendants were present when the case was submitted to the jury.

6. Evidence that a homicide was committed "about the last of February," is sufficient when, taken with other testimony, it is apparent that the current year was meant.

7. Where no reference is made to any particular witness, if the use of the word "should" instead of "may" or other permissive expression in a charge that "in considering the testimony you should consider the standpoint from which a witness testifies, his or her interest," etc., can be prejudicial in any case, it could not reasonably have been harmful in this case.

Writ of error to Circuit Court for Citrus County; W. S. Bullock, Judge.

Judgment affirmed.

*B. G. Langston* and *Fred R. Hocker,* for Plaintiffs in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

WHITFIELD, J.—The plaintiffs in error were found and adjudged to be "guilty of murder in the second degree as charged in the second count," which second count of the indictment is as follows:

"And the Grand Jurors aforesaid upon their oaths aforesaid do further present that Anita Buie late of the County of Citrus aforesaid did unlawfully and from a premeditated design to effect the death of one Will Jack-

21—Vol. 68

son, make an assault on said Will Jackson, and a certain shot gun which was then and there loaded with gun powder and leaden bullets and by her the said Anita Buie then and there had and held in her hands, she, the said Anita Buie, did then and there unlawfully and from a premeditated design to effect the death of the said Will Jackson, shoot off and discharge at and upon the said Will Jackson, thereby and by thus striking the said Will Jackson with the lead of the said leaden bullets inflicting on and in the body of the said Will Jackson mortal wounds, of which said mortal wounds the said Will Jackson then and there died.

And so the said Anita Buie did in manner and form aforesaid unlawfully and from a premeditated design to effect the death of the said Will Jackson, kill and murder the said Will Jackson.

That Judge D. Ruffian late of the County of Citrus aforesaid in the Circuit and State aforesaid laborer on the said 22nd day of January, 1914, in the county and State aforesaid with force and arms at and in the County of Citrus aforesaid, did unlawfully and from a premeditated design to effect the death of the said Will Jackson was present aiding, abetting, assisting, counseling and advising the said Anita Buie the aforesaid felony to do and commit."

The first count charges murder in the first degree against both parties in that it alleges that the two defendants on the 22nd day of January, 1914,  *  *  *  in Citrus County, Florida," did unlawfully and from a premeditated design to effect the death of Will Jackson, fatally shoot him from which he died.  On writ of error it is contended that the motion in arrest of judgment was erroneously overruled because the second count on which the conviction was had does not state the time or

venue of the alleged offense. The statements in the second count that the grand jury "do further present" and that Ruffian on January 22, 1914, and in the county and State aforesaid was unlawfully, &c., present aiding, abetting, &c., the said Anita Buie the aforesaid felony to do and commit, clearly and definitely refer to the allega- tions of the preceding count, which, in these particulars, are not repugnant to the second count, therefore the omissions of time and place from the second count are under the circumstances here not material or harmful. The act constituting the efficient cause of the death is sufficiently alleged to have been done unlawfully and from a premeditated design to effect the death of the person killed. See Webster v. State, 49 Fla. 131, 38 South. Rep. 514; Daniels v. State, 52 Fla. 18, 41 South. Rep. 609; Barber v. State, 52 Fla. 5, 42 South. Rep. 86. Section 3178 of the General Statutes of 1906 provides that whoever aids in the commission of a felony or is accessory thereto, before the fact, by counseling, hiring, or otherwise procuring such felony to be committed, shall be punished in the same manner prescribed for the pun- ishment of the principal felon. This statute in effect makes an accessory before the fact a principal. See Al- britton v. State, 32 Fla. 358, 13 South. Rep. 955. In view of this statute it cannot be said that there was material or harmful error in the verdict finding the one charged as an accessory before the fact, as well as the one charged as principal, to be guilty of murder in the second degree.

The contention that error appears in the failure of the record proper to show that the case was submitted to the jury in the presence of the defendants cannot avail. The bill of exceptions states that the judge "submitted the said issues and the evidence so given to the jury," after the defendants had testified with nothing to indi-

cate that the defendants were not present when the case was submitted to the jury. Evidence that the homicide was committed "about the last of February," is sufficient, taken in connection with other testimony tending to show it was in 1914, as alleged.

Error is assigned on the use of the word "should" in a charge given that "In considering the testimony you should consider the stand-point from which a witness testifies, his or her interest in the determination of the suit," &c. The charge did not refer to any particular witness. If the use of the word "should" instead of "may" or other permissive expression, can be prejudicial to a defendant in any case, its use could not reasonably have been harmful under the circumstances of this case.

There is ample evidence to sustain the verdict, and the judgment is affirmed.

SHACKLEFORD, C. J., AND TAYLOR AND COCKRELL, J. J., concur.

HOCKER, J., takes no part.