70 So.2d 358 (1954)
HENDERSON et al.
v.
STATE.
Supreme Court of Florida. En Banc.
February 9, 1954.
*359 Mallory E. Horne, Tallahassee, for appellant James Henderson.
Douglass B. Shivers, Tallahassee, for appellant George Bailey.
Richard W. Ervin, Atty. Gen., and Bart L. Cohen, Asst. Atty. Gen., for appellee.
SEBRING, Justice.
The defendants below were tried and convicted of murder in the first degree without a recommendation to mercy. They filed separate appeals from the judgment and sentence. Each of them assigned as error the ruling of the trial judge in permitting the introduction into evidence of certain photographs of the victim, and of the scene where he was killed. The defendant Bailey assigned as error the insufficiency of the evidence to sustain the verdict as to him.
We do not find that the trial court erred in permitting the photographs to be used as evidence by the prosecution. A material issue in the case was as to whether the deceased was shot from the rear or the front, and the photographs cleared up this issue. Lindberg v. State, 134 Fla. 786, 184 So. 662; Mardorff v. State, 143 Fla. 64, 196 So. 625.
As to the additional assignment of error relied on by Bailey alone, the record clearly establishes that the defendants, who were armed, were acting in concert with the intent to rob the deceased or burglarize his place of business in the nighttime. As they were stealthily slipping around his place of business, they came upon the deceased on the outside of the building where his business was located. Henderson thereupon shot the deceased from the rear with a shotgun. The defendants then looted the body, robbed the store and fled.
We think that under the facts shown by the record the assignment of error is without merit. "If the accused was actually or constructively present aiding and abetting the robbery and the `unlawful killing' was committed in the perpetration of * * * the robbery he is equally guilty of the murder with the other principal, even though prior to the robbery there was no premeditated design by either to commit a homicide. 29 C.J. 1073 * * * the presence of the aider and abetter need not have been actual, * * * provided the aider, pursuant to a previous understanding, is sufficiently near and so situated as to abet or encourage, or to render assistance to, the actual perpetrator in committing the felonious act or in escaping after its commission. See Baldwin v. State, 46 Fla. 115, 35 So. 220; People v. Lawrence, 143 Cal. 148, 76 P. 893, 68 L.R.A. 193; 16 C.J. p. 126; 1 R.C.L. p. 139; 1 Michie on Homicide, p. 37. See, also, section 5008, Rev.Gen.Stats. 1920; Buie v. State, 68 Fla. 320, 67 So. 102." Pope v. State, 84 Fla. 428, 94 So. 865. Paragraph 1, section 782.04, Florida Statutes 1951, F.S.A. See also Smith v. State, 129 Fla. 388, 176 So. 506; Milligan v. State, 109 Fla. 219, 147 So. 260.
We have examined and considered the record in this case in the light of the assignment of error, the briefs filed, and the argument of counsel. Also, we have reviewed the evidence, pursuant to subparagraph 2 of section 924.32, Florida Statutes 1951, F.S.A. to determine if the interests of justice require a new trial, with the *360 result that we find no reversible error and that the evidence does not reveal that the ends of justice require a new trial to be awarded. Accordingly, the judgment and sentence appealed from should be affirmed and approved.
It is so ordered.
ROBERTS, C.J., and TERRELL, THOMAS, HOBSON, MATHEWS and DREW, JJ., concur.