SPECTOR, Judge.
Appellants seek reversal of their convictions in three separate cases. Both were charged and found guilty of robbery in Case No. 67-3156 and were sentenced to five years imprisonment. Both were charged and found guilty of robbery in Case No. 67-3157 and were sentenced to imprisonment for five years, said sentence to run concurrent with the sentence imposed in the first mentioned robbery case. Both appellants are also charged and found guilty of assault with intent to commit first-degree murder. For the latter of *2 fense, they were both sentenced to a term of twenty years imprisonment, said sentence to run concurrent with the sentences in the robbery cases. The trial of these appellants was held by the trial judge, a jury having been waived by the appellants.
For reversal appellants raise two questions. The first is the contention that the trial judge committed fundamental error by appointing only one attorney to represent both of the appellants at the trial. Although appellants concede that there was no objection in the instant case by them or their court appointed counsel to the representation of both appellants by one attorney, it is urged by them that the absence of such objection is of no moment. In support of their contention on this point, appellants rely on Youngblood v. State, 206 So.2d 665, in which the District Court of Appeal, Fourth District, held that it was unnecessary to object to such dual representation. However, the Youngblood case upon which the appellants rely so heavily was reversed by the Florida Supreme Court in State v. Youngblood, et al., 217 So.2d 98, rehearing denied January 6, 1969. In Rogers v. State, Fla.App., 212 So.2d 367, cert, denied March 5, 1969, this court adopted the view that in order to complain of dual representation by counsel at the trial level, an appellant must show that he objected thereto at the trial and also that on appeal there must be a showing of prejudice arising from the dual representation at the trial. Accordingly, appellants’ contention on this question is without merit.
The above question is the only point raised by the appellants based on which they seek reversal of the convictions in the two robbery cases, Nos. 67-3156 and 67-3157. Accordingly, those two judgments of conviction are affirmed.
In the third case, No. 67-3158, in which both appellants were adjudged guilty of assault with intent to commit first-degree murder, the correctness of the judgment is challenged by appellants’ contention that the evidence was insufficient to support the finding of guilt. Our review of the record and consideration of the argument advanced by appellants on this point fail to show that there is any merit in this contention. The testimony given before the trial judge by the victim of the robbery and the lady accompanying the victim amply demonstrates appellants’ guilt. The victim testified that after appellants robbed him and while Dollarson was driving the victim’s car with the latter and his friend being held prisoner at gunpoint, Dollar-son reached over and pointed the gun at his male victim and shot him.
It is difficult for us to imagine better proof of his intent to shoot the victim than the fact that he pointedly did so.
Although the evidence given by the victim of appellant’s assault upon him, as corroborated by his female companion, was amply sufficient to sustain the judgment, there is an equally compelling reason because of which we must affirm the assault to kill charge. It is a longstanding rule in this jurisdiction that the appellate courts will not consider contentions of error predicated upon the insufficiency of the evidence where no motion for new trial was filed in the trial court. See Gilbert v. State, 148 Fla. 293, 4 So.2d 330 (Fla.); Smith v. State, 194 So.2d 310 (Fla. App.); and Kimble v. State, 208 So.2d 471 (Fla.App.).
The State has attached a certificate of the clerk of the trial court to its brief for the purpose of establishing that no motion for new trial was made below. Accordingly, the State correctly insists that appellants’ assignment of error grounded on the insufficiency of the evidence cannot be considered. We agree.
The judgments as to both appellants in each of the three cases are affirmed.
WIGGINTON, C. J., and CARROLL, DONALD K., J., concur.