RONALD JOHNSON *v.* STATE OF
MARYLAND

[Nos. 151 and 217, September Term, 1969.]

*Decided March 2, 1970.*

38

The cause was submitted to MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Frank Cannizzaro, Jr.,* for appellant.

*James L. Bundy, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Michael E. Kaminkow, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

PER CURIAM.

The appellant, Ronald Johnson, was convicted, on two separate indictments, of robbery with a deadly weapon and assault with intent to murder in a non-jury trial in the Criminal Court of Baltimore. Concurrent sentences of twenty years and ten years, respectively, were imposed.

The record discloses that in the early evening of October 26, 1968, Benjamin Yevzeroff was carrying out his duties as a pharmacist when two armed men entered the drugstore in which he was employed and demanded money. He responded to this demand by handing over approximately $200.00 from the store's cash register. As the two men were leaving, the victim turned to go to the rear of the store and as he did so, was shot in the back. Approximately two weeks after the crime he picked appellant's picture out of a group of nine photographs

shown to him and positively identified appellant at trial as one of the two men who had robbed him. He could not state, however, which of the two men had shot him and ballistics tests shed no light on the issue.

Appellant contends that the evidence was legally insufficient to sustain his convictions. We disagree.

The weight to be given photographic and courtroom identifications is for the trier of facts to determine. *Fletcher and Smith v. State,* 6 Md. App. 219, 225; *Felder v. State,* 6 Md. App. 212, 215. And this Court has held many times that if the testimony of the victim of a crime establishes the *corpus delicti* and identifies the accused as the perpetrator of the crime, such evidence is legally sufficient to sustain a conviction. *Simon v. State,* 7 Md. App. 446, 452.

From the record before us, we cannot say that the lower court was clearly erroneous in its determination that the appellant was an active participant in the robbery. Md. Rule 1086. As a principal in that crime, appellant would be responsible for all the natural or probable consequences that flowed from the common purpose to rob the pharmacist. Clark and Marshall, *Crimes,* Sixth Edition, § 8.08. Accordingly, the fact that his accomplice, rather than appellant, may have actually shot the victim would not affect the legal sufficiency of the evidence to support appellant's conviction of assault with intent to murder.

It is further contended that "prejudicial error in his cases was committed when one of the Assistant State's Attorneys entered the jury room where witnesses had been sequestered." The record indicates that after the Assistant State's Attorney returned from the jury room and had begun a conversation with his colleague who was representing the State in appellant's trial, appellant's trial counsel stated:

"Your Honor, I will have to ask that these two State's Attornies [sic] not be allowed to converse. This gentleman went back into the

jury room, after exclusion of witnesses he went back with the witnesses and merely to get the evidence and I would like to keep it that way, I don't object to his going into the room, I would like to keep it that way."

The trial judge questioned the Assistant State's Attorney concerning the incident and in response to appellant's request, stated:

"THE COURT: Well, under the circumstances, although I would know that you did not talk to any of the witnesses, I think it probably just as well that you do not, for the record, converse with Mr. Kaminkow."

Since the trial judge granted all the relief that was requested and no further objection was made by appellant's trial counsel, there is nothing before this court to review. Md. Rule 1085; *Veihmeyer v. State,* 3 Md. App. 702, 707.

Finally, it is contended that the sentences imposed by the lower court were excessive. The imposition of sentence in a criminal case is within the discretion of the trial judge and a sentence within statutory limits will not be disturbed by this Court in the absence of a showing that it was dictated not by a sense of public duty, but by passion, ill will, prejudice or other unworthy motive. *Love and Matthews v. State,* 6 Md. App. 639, 644; *Minor v. State,* 6 Md. App. 82. Appellant's allegations that the trial judge acted with prejudice, ill will and passion are completely unsupported by the record and, accordingly, the contention is without merit.

*Judgments affirmed.*