336 So.2d 378 (1976)
George Willie HAMPTON, Appellant,
v.
STATE of Florida, Appellee.
No. Y-196.
District Court of Appeal of Florida, First District.
May 18, 1976.
*379 Richard W. Ervin, III, Public Defender, and David J. Busch, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., for appellee.
RAWLS, Acting Chief Judge.
Appellant, George Hampton, was found guilty by a jury of assault with intent to commit robbery and, under a charge of assault with intent to commit murder in the first degree, guilty of the lesser and included offense of assault with intent to commit murder in the second degree. By way of this appeal, appellant complains of the insufficiency of the evidence and the court's imposition of two concurrent sentences for offenses which appellant insists arose from the "same criminal transaction".[1]
It is undisputed that the appellant accompanied by his brother, Leonard, and one Hillman Arnold arrived at Fred Coles' Store for the purpose of robbing Coles. Appellant, armed with a rifle, positioned himself outside of the store to act as a lookout while Leonard and Hillman entered the store, confronted Coles with a shotgun, and demanded Coles turn over to them the proceeds from the cash register. When Coles pointed to the empty cash drawer and stated that there was no money, Leonard fired the shotgun and wounded Coles, who retaliated with a shot that felled Hillman. Leonard threw the shotgun at Coles and ran out the door, leaving Hillman on the floor. Before escaping with Leonard, appellant fired a rifle shot through the window into a table near Coles.
There is no doubt that appellant was a willing participant in the attempted robbery. The evidence sustains the judgment of appellant's guilt of assault with intent to commit robbery. He was present aiding and abetting agents who threatened Coles with a shotgun intending to take money from him forcibly.[2]
Next, we consider appellant's contention that the evidence is insufficient to sustain his conviction of assault with intent to commit murder in the second degree. It has always been the law of this state that where several persons combine to commit an unlawful act, each is criminally *380 responsible for the actions of his associates committed in furtherance or prosecution of a common design.[3] The key is whether the extra criminal act done by one's confederate is in furtherance or prosecution of the initial common criminal design.[4] This is a factual question which must be resolved on a case-by-case basis.[5]
Of significance in this case is the fact that the shooting of Coles occurred during the course of a robbery. The legislature has decreed that one who kills another during the course of a robbery is guilty of murder in the first degree.[6] All that is necessary to establish the requisite intent to kill is to show that the killing occurred during the course of a robbery.
In Pope v. State,[7] the Florida Supreme Court specifically and in detail addressed itself to the question of whether an accomplice is guilty pursuant to Florida Statute 776.011[8] of murder in the first degree when a confederate kills a person during the course of a robbery.[9] The facts in Pope are in several respects strikingly similar to the instant case. Pope and one Rawlins, the perpetrator of the actual murder, planned together the robbery. Their agreement was that Rawlins would take a gun (given to him by Pope) and go to the Palace Theater and rob the manager, Mr. Hickman. Pope was to wait several blocks away from the scene in a getaway car with the engine running. The twosome did not contemplate the murder of Hickman, and there was evidence adduced at trial to the accord that Rawlins' gun, during the course of the robbery, accidentally discharged resulting in Hickman's death. While the robbery murder was taking place, Pope was waiting several blocks away in the getaway car. In holding that Pope, as a principal to the robbery, was guilty of murder in the first degree, the Florida Supreme Court stated:
"It was an `unlawful killing' while committing a robbery that had been planned, and such a result should reasonably have been contemplated as probable, because the pistol was furnished and carried to the scene of the robbery. And whether the shooting was actually contemplated or intended or not, it grew out of the unlawful conspiracy and preparation to rob, and the principals in the robbery are guilty of the resulting homicide in the degree defined by the statute."
The Supreme Court has placed to rest the question of whether an accomplice in a robbery is guilty of murder in the first degree if his confederate kills a person during the course of the robbery. The only remaining question is whether an accomplice in a robbery is guilty of assault with intent to commit murder if the shooting victim is fortunate enough to live. An excellent discussion on this question has been undertaken by our sister court of appeal in Michigan in People v. Poplar.[10]
*381 In Poplar, appellant Poplar was charged with breaking and entering and with assault with intent to commit murder. Appellant and his two confederates planned the breaking and entering of a warehouse. Pursuant to these plans, the two confederates entered the warehouse while Poplar positioned himself across the street to act as lookout. Upon being discovered, one of Poplar's confederates shot the warehouse watchman in the face wounding him. In upholding Poplar's conviction of both breaking and entering and assault with intent to commit murder, the Michigan court stated:
"There was no evidence that defendant harbored any intent to commit murder. Therefore, `knowledge of the intent of Hill [Williams] to kill the deceased is a necessary element to constitute him [defendant] a principal. This, however, may be established either by direct or circumstantial evidence from which knowledge of the intent may be inferred.'
......
"Whether the crime committed was fairly within the scope of the common unlawful enterprise is a question of fact for the jury.
......
"In our opinion the jury could reasonably infer from the defendant's knowledge of the fact that a shotgun was in the car that he was aware of the fact that his companions might use the gun if they were discovered committing the burglary or in making their escape. .. . If the jury drew that inference, then it could properly conclude that the use of the gun was fairly within the scope of the common unlawful enterprise and that the defendant was criminally responsible for the use by his confederates of the gun in effectuating their escape."
This Court has, as recently as 1969, held that after a robbery was complete an accomplice who was driving a getaway car was guilty of assault with intent to commit murder when his confederate shot and wounded their hostage.[11] In addition, the Florida Supreme Court has held that, where if the victim had died the defendant would have been held guilty of murder, the defendant may be held for assault with intent to commit murder if the victim lives.[12]
The facts of this case clearly show that appellant was a willing participant in a robbery in which he and his brother both employed and used firearms to accomplish their common mission. Sufficient evidence was presented to the jury from which they could infer that appellant knew Leonard might use his shotgun in attempting to accomplish the planned robbery and, in so doing, kill or wound an innocent citizen. In drawing this inference, it was proper for the jury to conclude that the use of the shotgun by Leonard resulting in Coles' wounds was fairly within the common unlawful enterprise and that the appellant was criminally responsible for the use by his confederates of the gun in effectuating their planned robbery. Appellant's conviction of assault with intent to commit second degree murder is affirmed.
Appellant's contention that the assault with intent to commit robbery and the assault with intent to commit murder are part of the same criminal transaction, and the court can impose only one sentence, is without merit.[13]
AFFIRMED.
MILLS and SMITH, JJ., concur.
NOTES
[1] Appellant also challenges certain portions of the trial court's charge to the jury, but this contention is without merit and does not warrant further discussion.
[2] Florida Statutes 784.06 and 776.011 (1973). McNeal v. State, 303 So.2d 698 (3 Fla.App. 1974).
[3] Buie v. State, 68 Fla. 320, 67 So. 102 (1914), and Henry v. State, 81 Fla. 763, 89 So. 136 (1921).
[4] Hutchinson v. State, 309 So.2d 184 ((Fla. App. 1975), and Ryals v. State, 112 Fla. 4, 150 So. 132 (1933).
[5] Hutchinson v. State, supra and State v. Roby, 246 So.2d 566 (Fla. 1971).
[6] Florida Statute 782.04(1)(a)(2).
[7] Pope v. State, 84 Fla. 428, 94 So. 865 (1922).
[8] Florida Statute 776.011 (1973) was in effect and controlling on December 15, 1974, when the instant criminal episode took place.
[9] While appellant was charged with the substantive crime of assault with intent to commit murder pursuant to Florida Statute 784.06, it has long been the law of this state that it is immaterial whether the indictment or information alleges that the defendant committed the crime or was merely aiding and abetting in its commission, as long as the proof establishes that he was guilty of either one of the acts prescribed by the statute. Jacobs v. State, 184 So.2d 711 (Fla.App. 1st 1966), and State v. Roby, 246 So.2d 566 (Fla. 1971).
[10] People v. Poplar, 20 Mich. App. 132, 173 N.W.2d 732 (1969). See also Walton v. State, 57 Ala.App. 317, 307 So.2d 713 (1975), and Johnson v. State, 9 Md. App. 37, 262 A.2d 325 (1970).
[11] Wilson v. State, 221 So.2d 1 (Fla.App. 1st 1969).
[12] Phillips v. State, 120 Fla. 134, 162 So. 346 (1935).
[13] Meeks v. State, 289 So.2d 479 (Fla.App. 3rd 1974); Tarpley v. State, 258 So.2d 301 Fla.App. 3rd 1972), and Wade v. Wainwright, 266 So.2d 378 (Fla.App. 4th 1972).