STONE, Judge.
We affirm an order denying a motion to correct an allegedly illegal sentence. In 1973 the appellant was charged, in three counts, with robbery and with assault with intent to commit first degree murder as to one victim, and aggravated assault as to another. He was convicted of the robbery and of assault with intent to commit murder in the second degree as to the first victim, and the aggravated assault as to the other.
Appellant contends that all three counts “merged” in the robbery conviction as part of the same “transaction.” See generally Foster v. State, 286 So.2d 549 (Fla.1973), receded from by Jenkins v. Wainwright, 322 So.2d 477 (Fla.1975); Cone v. State, 285 So.2d 12 (Fla.1973), overruling recognized by Johnson v. State, 338 So.2d 556 (Fla. 3d DCA1976); Simmons v. State, 151 Fla. 778, 10 So.2d 436 (1942), superseded by statute as stated in Wheeler v. State, 549 So.2d 687 (Fla. 1st DCA1989), rev. dismissed, 560 So.2d 235 (Fla.1990). The state relies simply on the common element analysis of Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), arguing that there is an element in each crime not present in the other. However, the state does not address the appellant’s essential argument that the “single transaction” rule, which was in effect at the time of his conviction, governs. See Borges v. State, 415 So.2d 1265 (Fla.1982). The legislature repudiated the “single transaction rule” by enacting § 775.021(4), Fla.Stat. (1976).
Although we do not have the benefit of a transcript, we do have the information and the verdicts in our record. The information, as to count I, provided that Jackson
did then and there unlawfully, by force, violence or putting William Colville Chick in fear, feloniously rob, steal and take away from the person or custody of the said William Colville Chick certain personal property, to-wit: money, contrary to F.S. 813.011.
and, as to count II, that he did
unlawfully and feloniously, and from a premeditated design to effect the death of William Colville Chick, a human being, did make an assault upon William Col-ville Chick with a certain deadly weapon, to-wit: a sawed-off shotgun, a better and more particular description of same being to the State Attorney unknown, which deadly weapon the said Defendant did then and there unlawfully aim and discharge at and toward William Colville Chick with the intent to kill him, contrary to F.S. 784.06.
Notwithstanding that the state’s strict Blockburger analysis demonstrates the weakness of the defense’s position, we do not stop there, given appellant’s contention that the “single transaction” rule is applicable here. There is a substantial distinction between the facts of this appeal and those otherwise resolved in a defendant’s favor under a single transaction analysis. In Cone, 285 So.2d at 12, the defendant was charged with displaying, at the time of a shooting, the very weapon he was also charged with firing. In Foster, 286 So.2d at 549, the defendant was charged with possessing an otherwise innocent burglary tool used in the burglary he was also charged with committing. But see State v. Kirkland, 322 So.2d 480 (Fla.1975). In Simmons, 10 So.2d at 436, the defendant was charged with both attempted carnal *754 intercourse and assault with intent to commit rape in the attempt. In each of those cases, the court recognized that the merged offense constituted a “facet” of committing the higher crime.
However, the single transaction rule never precluded multiple convictions and sentences for separate and distinct crimes, even if such crimes arise out of a single set of facts, or a single criminal episode. Stratton v. State, 77 So.2d 865 (Fla.1955); Pettigrew v. State, 295 So.2d 672 (Fla. 4th DCA), cert. dismissed, 300 So.2d 21 (Fla.1974); Hampton v. State, 336 So.2d 378 (Fla. 1st DCA), cert. denied, 339 So.2d 1169 (Fla.1976); Ellis v. State, 298 So.2d 527 (Fla. 2d DCA), cert. dismissed, 298 So.2d 411 (Fla.1974). For instance, in Hampton, the single transaction rule did not preclude the trial court from sentencing the defendant for both assault with the intent to commit robbery and assault with the intent to commit second degree murder, even though both crimes arose from the same criminal episode. Hampton, 336 So.2d at 379. Similarly, in this case, the defendant robbed a victim and also intentionally shot at him. The defendant’s acts, and crimes, were clearly independent of each other. It is irrelevant that the same weapon may have been used in both crimes (assuming a fact not appearing in the record). Clearly, one committing a robbery with a gun has never had sanction to also try to kill the victim with impunity by shooting at him.
We note that this is not a case where the sentence for higher offense of robbery has been enhanced by the commission of the other act. Lastly, the defendant may be separately sentenced for the third count since a separate victim and a separate and distinct offense was involved. See Harris v. State, 286 So.2d 32 (Fla. 2d DCA1973).
LETTS, J., concurs.
DOWNEY, J., concurs specially with opinion.